FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 19 2018

MATTHEW J. DYKMAN
CLERK

AO 241
(Rev. 06/13)



**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| | |
|---|---|
| **United States District Court** | District: SECOND JUDICIAL |
| Name (under which you were convicted): JOSE ALEJANDRO APONTE-DELGADO | Docket or Case No.: CR-2006-4977 |
| Place of Confinement: OTERO COUNTY PRISON FACILITY | Prisoner No.: #68578 |
| Petitioner (include the name under which you were convicted): Jose Alejandro Aponte-Delgado | v. Respondent (authorized person having custody of petitioner): Richard Martinez |
| The Attorney General of the State of: NEW MEXICO | 18 cv 369 WJ/LF |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Second Judicial District Court, County of Bernalillo, Albuquerque, New Mexico

   (b) Criminal docket or case number (if you know): CR-2006-4977

2. (a) Date of the judgment of conviction (if you know): February 1, 2008

   (b) Date of sentencing: February 1, 2008

3. Length of sentence: 16½ years of which 11½ years is suspended, Total Term 5 yrs.

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Contributing To The Delinquency Of A Minor, Criminal Sexual Penetration. - See Attached - (Judgment, Partially Suspended Sentence And Commitment).

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty ☐ (3) Nolo contendere (no contest)

   ☑ (2) Guilty ☐ (4) Insanity plea

AO 241
(Rev. 06/13)



(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? Contributing To The Delinquency Of A minor, Criminal Sexual Penetration

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury ☐ Judge only N/A

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☐ No N/A

8. Did you appeal from the judgment of conviction?

☐ Yes ☑ No

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court? ☐ Yes ■ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know): ______

(6) Grounds raised: ______

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): ______

(2) Result: ______

(3) Date of result (if you know): ______

(4) Citation to the case (if you know): ______

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☐ Yes ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised: ______

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result: ______

(8) Date of result (if you know): ______

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised: ______

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result: ______

(8) Date of result (if you know): ______

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised: ______

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result: /

(8) Date of result (if you know): /

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☐ Yes ☒ No

(2) Second petition: ☐ Yes ☒ No

(3) Third petition: ☐ Yes ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Guilty Plea

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Due Process violation And Equal Protection Laws of The United States Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Due Process requirements of Plea Agreement That Was Agreed To By Both Parties As well as The Court in 2008

(b) If you did not exhaust your state remedies on Ground One, explain why: Exhausted

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Guilty Plea

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Habeas Corpus Petition

Name and location of the court where the motion or petition was filed: Second Judicial District Court, County of Bernalillo, Albuquerque, NM

Docket or case number (if you know): CR-2006-04977

Date of the court's decision: February 16, 2018

Result (attach a copy of the court's opinion or order, if available): See Attached

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: New Mexico State Supreme Court Santa Fe, New Mexico

Docket or case number (if you know): S-1-SC-36931

Date of the court's decision: March 20, 2018

Result (attach a copy of the court's opinion or order, if available): See Attached

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

/ / /

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Habeas Corpus Petition (State)
writ of Certiorari (State Supreme Court)

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding: none

(g) On appeal from any ruling against you in a post-conviction proceeding: The Post-Conviction Habeas unit, Law office of the Public Defender, was not appointed to represent me after reviewing the Habeas (See Attached)

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ■ Yes ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

Second Judicial District Court, County Of Bernalillo, Albuquerque, N.M.

(b) Give the date the other sentence was imposed: November 27, 2013 (See Attached)

(c) Give the length of the other sentence: Parole Period Of five (5) to twenty (20) yrs.

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ■ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Exercising jurisdiction pursuant to 28 U.S.C. § 1291 diligently attempted to develop the factual for his claims in accordance with New Mexico laws.

State habeas petitioner "is entitled to an evidentiary hearing in federal court when his allegations, If true and not contravened by the existing factual record

would entitle him to habeas relief

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Reverse and Remand to the Second Judicial District Court to strike the Amended J&S allowing the Original J&S to Stand.

or any other relief to which petitioner may be entitled.

_______________________________
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on April 16, 2018 (month, date, year).

Executed (signed) on April 13, 2018 (date).

_______________________________
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

FILED IN MY OFFICE THIS
FEB 16 2018 8:08AM
CLERK DISTRICT COURT

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

**JOSE ALEJANDRO APONTE-DELGADO,** No. **CR 2006-4977**

Petitioner,

v.

**RICHARD MARTINEZ, Warden,**

Respondent.

## PROCEDURAL ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

This matter having come before the court on petitioner's petition for a writ of habeas corpus or other pleading pursuant to Rule 5-802 NMRA of the Rules of Criminal Procedure for the District Courts, the court having reviewed the record and being otherwise fully advised in the premises, FINDS AND ORDERS THAT:

1. **SUMMARY DISMISSAL/TRANSFER OF VENUE**[1]

[ ] This matter is transferred because of improper venue to the ____________ Judicial District Court.

[X] This matter is summarily dismissed because as a matter of law petitioner is not entitled to relief based on a review of the files, pleadings, and records which show that: (*statement of reasons required*)

**The Petitioner's Plea and Disposition Agreement accurately advised the Petitioner that he would be on an indeterminate period of supervised parole (as required by 31-21-10.1). The Court erroneously sentenced the defendant to 2 years parole in its June 26, 2008 Judgement and Sentencing Order (contrary to statute and contrary to Petitioner's signed and**

**acknowledged Plea and Disposition Agreement). The error was duly corrected in the Court's November 27, 2013 stipulated Order amending Judgement and Sentence.**

2. **RETURN OF PETITION FOR FURTHER INFORMATION:**

[ ] The petition is returned to petitioner for additional information on the following issues/claims: ______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

Pursuant to Rule 5-802(G) NMRA, a supplement to the petition shall be filed within forty-five (45) days after service of this order.

3. **FREE PROCESS AND APPOINTMENT OF COUNSEL:**

[ ] Petitioner is granted free process (i.e. permission to proceed *in forma pauperis*) based on Form 9-403 NMRA or because petitioner is an inmate of a correctional facility.

[ ] Petitioner is not granted free process.

[ ] The Public Defender Department is appointed to represent petitioner based on the court's finding that this is a proceeding which a reasonable person would bring at that person's own expense. Upon being properly appointed, the PDD shall either file an amended petition or a notice of non-intent to file an amended petition within ninety (90) days of this appointment.[2]

4. **RESPONSE[3]:**

[ ] The respondent is directed to file a response within one-hundred and twenty (120) days after the service of an amended petition or a notice that no amended petition will be filed.

[ ] The court, having received an amended petition or a notice that no amended petition will be filed, and based upon a review of the files, pleadings, and records, including the amended petition, hereby summarily dismisses the petition.

(*statement of reasons required*)

______________________________________________

______________________________________________

______________________________________________

______________________________________________

[ ] The court, having received an amended petition or a notice that no amended petitioner will be filed, and based upon a review of the files, pleadings, and records, including the amended petition, hereby dismisses the following claims:
(*statement of reasons required*)

AND

orders a response from respondent on the following claims:

5. **HEARING SCHEDULE:**

[ ] A status conference will be held on ____________________ (*date*), at ________ (*time*).

[ ] A preliminary disposition hearing will be held on ________________ (*date*), at ________ (*time*).

[ ] An evidentiary hearing will be held on ____________________ (*date*), at ________ (*time*).

[ ] An evidentiary hearing is not required, but legal argument will be heard on this matter on ______________________ (*date*), at ______________ (*time*).

Hon. Benjamin Chavez
District Court Judge, Div. XIX

USE NOTE

1. Paragraph 1 should only be used prior to the appointment of counsel and before the filing of any amended petition.
2. *See* NMSA 1978, § 31-16-3(B)(3) (1968).
3. After receiving the amended petition or notice that no amended petition will be filed, the court will then decide if a response will be ordered, and whether a status conference, a preliminary disposition hearing, or evidentiary hearing are required, and will send the parties notice. Paragraph 5 should be used when ordering a response at the time of appointment of counsel or after reviewing the amended petition or notice that no amended petition will be filed.

Filed
Supreme Court of New Mexico
3/20/2018 3:22 PM
Office of the Clerk
Joey D. Moya

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**
**March 20, 2018**

**NO. S-1-SC-36931**

**JOSE ALEJANDRO APONTE-DELGADO,**

Petitioner,

v.

**RICHARD MARTINEZ, Warden,**

Respondent.

**ORDER**

WHEREAS, this matter came on for consideration by the Court upon petition for writ of certiorari filed under Rule 12-501 NMRA, and the Court having considered the petition and being sufficiently advised, Justice Petra Jimenez Maes, Justice Charles W. Daniels, and Justice Barbara J. Vigil concurring;

NOW, THEREFORE, IT IS ORDERED that the petition for writ of certiorari is DENIED.

IT IS SO ORDERED.

WITNESS, the Honorable Judith K. Nakamura, Chief Justice of the Supreme Court of the State of New Mexico, and the seal of said Court this 20th day of March, 2018.

Joey D. Moya, Clerk of Court
Supreme Court of New Mexico

By Madeline Garcia
Chief Deputy Clerk

I CERTIFY AND ATTEST:
A true copy was served on all parties or their counsel of record on date filed.
Madeline Garcia
Clerk of the Supreme Court of the State of New Mexico

# Law Offices of the Public Defender

**Bennett J. Baur**
**Chief Public Defender**

February 28, 2018

Jose Aponte-Delgado
DOC #68578
Otero County Prison Facility
10 McGregor Range Rd
Chaparral, NM 88081

Dear Mr. Aponte-Delgado,

I received a copy of the *Procedural Order on Petition for Writ of Habeas Corpus*. I am sending you a copy for your records. Our office was not appointed to represent you in this matter, but as a courtesy I have enclosed a ***Petition for Writ of Certiorari.***

The petition must be filed Pro Se. If you choose to, you may apply for a Writ of Certiorari to the Supreme Court. If you do decide to pursue such an avenue, please be mindful of the deadlines set out in SRCA 12-501 (must be filed in the Supreme Court within 30 days from the date of denial, 3 day mailing rule is not considered. Therefore it must be received no later than March 18, 2018. The mailing address to send the Writ of Certiorari:

Supreme Court
PO Box 848
Santa Fe, NM
87504-0848

Should you have any questions or concerns, you can call me at (505)369-3613.

Sincerely,

**Tanya Gonzales**
Paralegal
Post-Conviction/Habeas Unit

FILED IN MY OFFICE
SECOND JUDICIAL DISTRICT COURT
BERNALILLO COUNTY, NM
JAMES A. NOEL
11/17/2017 1:16 PM
BRITTNEY MUNOZ

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**No. D-202-2006-04977**
**(Hon. Benjamin Chavez)**

**JOSE ALEJANDRO APONTE-DELGADO,**

**Petitioner,**

**vs.**

**RICARD MARTINEZ,**

**Respondent.**

**NOTICE OF 5-802(G)(1) INITIAL REVIEW**

The Post-Conviction Habeas Unit Law Offices of the Public Defender, hereby provides notice to the Court and Counsel for Respondent of its review in accordance with Rule 5-802(G)(1), NMRA 2016:

1) The Second Judicial Court Clerk received for review the *Petition for Writ of Habeas Corpus* on October 13, 2017.

2) The Law Offices of the Public Defender (LOPD) was served with the *Petition for a Writ of Habeas Corpus* by the Court Clerk on October 13, 2017.

3) As per, 5-802(G)(1) LOPD has reviewed the Petition and determines that it is a proceeding that a reasonable person with adequate means would be willing to bring at a person's own expense.[1] In his *pro se* petition, Petitioner raises the issue that the indeterminate parole period of 5 to twenty years in the amended judgment and sentence, filed on February 25, 2013, is illegal. Undersigned counsel agrees for the following reasons:

[1] Under the Indigent Defense Act, Sec. 31-16-3 (B)(3) a person has the limited right to appointed counsel representation in post-conviction matters "unless **the court ... determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense.**" (Emphasis supplied).

4) Petitioner was convicted on February 1, 2008 pursuant to a guilty plea and sentenced on February 1, 2008, in which the Court ordered Petitioner to serve the following sentence:

**Total Sentence**: 16½ years
**Actual Term of Incarceration**: 5 years
**Suspended Sentence**: 11½ years
**Presentence Confinement Credit**: 9 years, 4 months and 28 days
**Probation**: 5-20 years
**Parole**: 2 years

*See June 26, 2008 Judgment, Partially Suspended Sentence and Commitment*

5) On March 7, 2013, an *Amended Judgment and Order Partially Suspending Sentence* was filed to reflect an indeterminate parole period of five (5) to twenty (20) years.

6) The addition of a 5-20 year parole period violates *State v. Torres*, 2012-NMCA-026, 272 P.3d 689. The *Torres* Court affirmatively decided the trial court lacked jurisdiction under Rule 5-801 allowing correction of sentences once the time for doing so had lapsed.

7) "Where the sentence imposed is a suspended sentence, or where defendant is ordered incarcerated and commitment has begun, the court cannot later increase or alter the sentence to add additional factors." *State v. Garcia*, 1983-NMCA-017, ¶ 21, 99 N.M. 466. It is clear that the period of parole is part of the sentence to be imposed, and it is mandatory. *State v. Acuna*, 1985-NMCA-083, 103 N.M. 279, 705 P.2d 685.

8) The illegal portion of the sentence should be vacated. *See Cox v. Sneed*, 1964-NMSC-250, ¶ 8, 74 N.M. 659 ("A sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and the offense, and only void as to the excess, when such excess is separable and may be dealt with without disturbing the valid portion of the sentence."); *see also State v. Baros*, 1968-NMSC-001, ¶ 12, 78 N.M. 623 ("imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but only leaves such portion in excess open to

attack, unless such portion is inseparable and cannot be dealt with without disturbing the valid portion of the sentence."). Here, the "excess portion" of the sentence is the parole period of 5 to 20 years.

9) For the above stated reasons, pursuant to Rule 5-802(G)(1), the Post-Conviction Habeas Unit, Law Offices of the Public Defender, determines that it is a proceeding that a reasonable person with adequate means would be willing to bring at a person's own expense.

As per 5-802(G)(1) NMRA 2016, undersigned LOPD counsel submits this review for the limited purpose of said procedural rule and is not Counsel of Record on this matter.

Respectfully Submitted,

Lisa Y. Schatz-Vance
Attorney Post-Conviction Habeas Unit
Law Offices of the Public Defender
505 Marquette Ave., NW Suite 120
Albuquerque, NM 87102
(505) 219-2884

I hereby certify that on November 17, 2017 a copy of the foregoing was delivered to counsel for Respondent.

Lisa Y. Schatz-Vance, LOPD Habeas Unit

68578

FILED
SECOND JUDICIAL DISTRICT
2013 MAR -7 PM 4:02

KATHY MALDONADO

NOV 27 2013

SECOND JUDICIAL DISTRICT
BERNILALLO COUNTY
STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff,

vs.

CR 2006-04977
DA 2006-1576-1

JOSE ALEJANDRO APONTE-DELGADO,

Defendant.

**ORDER AMENDING JUDGMENT AND SENTENCE**

THIS MATTER having come before the Court upon the stipulation of the parties, the Court having been advised of the need to amend the original Judgment and Sentence which was filed June 26, 2008,

IT IS HEREBY ORDERED THAT the original Judgment and Sentence filed shall be amended to reflect the appropriate parole period, that is an indeterminate period of parole of between five (5) and twenty (20) years, pursuant to §31-21-10.1, NMSA 1978, as amended. All other portions of the Judgment and Sentence shall remain in full force and effect.

DISTRICT COURT JUDGE

Respectfully submitted,

Lisa Trabaudo
Deputy District Attorney

Approved via e-mail February 25, 2013
Robert Hedrick
Attorney for Defendant

CERTIFIED AS A TRUE AND CORRECT COPY
OF THE ORIGINAL FILED IN MY OFFICE,
GREGORY T. IRELAND, Clerk
of the District Court.

By: ______ Date ______
Deputy Clerk

11/20/13

N/C

SECOND JUDICIAL DISTRICT COURT

COUNTY OF BERNALILLO

STATE OF NEW MEXICO

FILED
SECOND JUDICIAL DISTRICT
2008 JUN 26 PM 3:42

CHRISTINE E. VALDEZ

No. CR 2006-04977
DA#: 2006-01576-1

STATE OF NEW MEXICO,

Plaintiff,

vs.

JOSE ALEJANDRO APONTE-DELGADO,
DOB: 02-27-1961
SSN: 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
ADD: 424 Arizona SE #A, Albuquerque, NM 87108

Defendant.

## JUDGMENT, PARTIALLY SUSPENDED SENTENCE AND COMMITMENT

On February 1, 2008 this case came before the Honorable ALBERT S. "PAT" MURDOCH, District Judge, for sentencing, the State appearing by JEREMY PEÑA, Assistant District Attorney, the Defendant appearing personally and by his attorney ROBERT HEDRICK, and the Defendant having been convicted on February 1, 2008, pursuant to a GUILTY plea, accepted and recorded by the Court, of the offenses CONTRIBUTING TO THE DELINQUENCY OF A MINOR, a fourth degree felony offense occurring on or about 12th day of March, 2004, as charged in Count 4 of Indictment CR 2006-04977 and CRIMINAL SEXUAL PENETRATION IN THE SECOND DEGREE (CHILD 13 TO 18), a second degree felony, a serious violent offense, a sex offense against a child, occurring on or about the 12th day of March, 2004, as charged in Count 5 of Information CR 2006-04977.

CRYSTAL R. ROMERO

The Defendant is hereby found and adjudged guilty and convicted of said crimes, and is sentenced to the custody of the Department of Corrections to be imprisoned for the term of eighteen (18) months as to Count 4 of Indictment CR 2006-04977 and fifteen (15) years as to Count 5 of Information CR 2006-04977 to run consecutive to each other, for a total term of sentence of sixteen and half (16½) years of which eleven and half (11 ½) years is suspended for a total incarceration of five (5) years in the Department of Corrections. While in custody the Defendant shall enter and successfully complete a Department of Corrections Sex Offender Treatment Program.

Execution of eleven and half (11 ½) years of the sentence is suspended and the Defendant is ordered to be placed on an indeterminate term of supervised probation for five (5) to twenty (20) years following release from custody, on condition that the Defendant obey all rules, regulations and orders of the Probation Authorities, and observe all federal, state and city laws or ordinances under the following conditions which are also recommendations for parole:

a. The Defendant shall apply to the STOP program and successfully complete the program if accepted;

b. The Defendant shall enter and successfully complete a substance abuse program;

c. The Defendant shall not consume alcohol or drugs;

d. The Defendant shall not reside with children under the age 18;

e. The Defendant shall not have unsupervised contact with the victim or her family;

f. The Defendant shall enter and successfully complete any other treatment program

deemed appropriate by his probation officer;

g. The Defendant shall pay restitution, as determined by the Probation Officer;

h. The Defendant shall have no contact with victim or her family;

i. The Defendant shall be tested for sexually transmitted diseases, including HIV, and the results will be provided to the victim's family and/or physician;

j. The Defendant shall register as a sex offender pursuant to Section 29-11A-1, et seq., NMSA 1978 as amended;

k. The Defendant shall submit a DNA sample and pay the DNA fee.

l. The Defendant shall pay $5 Domestic Violence Fee;

m. The Defendant shall obtain and maintain full-time employment or education or a combination of employment and education;

n. The Defendant shall abstain from possession or viewing pornographic material.

THEREFORE, You, the Department of Corrections of the State of New Mexico are hereby commanded to take the above-named Defendant in custody and confine him for the above term.

Defendant is to receive credit for 470 days pre-sentence confinement and for post-sentence confinement until delivery to the place of incarceration.

IT IS FURTHER ORDERED that Defendant be placed on parole for two (2) years parole after release, and be required to pay parole costs.

[signature]
ALBERT S. "PAT" MURDOCH
DISTRICT JUDGE

APPROVED:

JEREMY PEÑA
Assistant District Attorney

telephonically approved
ROBERT HEDRICK
Attorney for Defendant 6/24/08

mml

COPY

**9-702. Petition for writ of certiorari to the district court from denial of habeas corpus.**

[For use with Appellate Rule 12-501 NMRA]

COPY

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

JOSE ALEJANDRO APONTE-DELGADO,
Defendant-Petitioner,

S.Ct. No. S-1-SC-36931
(*leave blank; court will assign*)

v.

RICHARD MARTINEZ,
(*Name of Warden*)

District Ct. No. CR-2006-4977

Respondent.

## PETITION FOR WRIT OF CERTIORARI TO THE 2nd JUDICIAL DISTRICT COURT OF NEW MEXICO

SUPREME COURT OF NEW MEXICO
FILED
MAR 15 2018

Jose Alejandro Aponte Delgado
Defendant-Petitioner pro se
#68578/EC-A 66
10 McGregor Range Rd.
Chaparral, NM 88081
(*address information*)

## PETITION FOR WRIT OF CERTIORARI TO THE 2nd JUDICIAL DISTRICT COURT OF NEW MEXICO

Defendant-Petitioner, appearing pro se and pursuant to the provisions of the New Mexico Constitution, Rule 5-802, and Rule 12-501 NMRA; petitions this Court to issue its Writ of Certiorari to review the order in:

Jose Alejandro Aponte Delgado v. Richard Martinez (*your name v. Warden's name*),

District Court No. CR-2006-4977 filed on October 8, 2017.

## QUESTIONS PRESENTED FOR REVIEW

Whether the district court erred in:

Increasing Defendant-Petitioners sentence to the indeterminate parole period of 5 to 20 years in the amended Judgment And Sentence after Defendant-Petitioner begun serving the Sentence five and a half ($5\frac{1}{2}$) years later.

not appointing pursuant to Rule 5-802(G)(1) The Post Conviction Habeas Unit, Law office of the Public Defender after reviewing the Habeas and determines that it is a proceeding that a reasonable person with adequate means would be willing to bring at a persons own expense.

*(Complete only for issues relevant to the petition. Attach additional sheets if necessary.)*

**DESCRIPTION OF THE PROCEEDINGS**

1. Please list the conviction being challenged:

Order Amending Judgment And Sentence to indeterminate PAROLE PERIOD of 5 to 20 years.

2. Please list any other petitions you have filed in the New Mexico Supreme Court challenging this conviction (*please include docket numbers and dates*):

NONE

3. Tell the story of what happened in your court case:

After Defendant-Petitioner's Plea And Disposition Agreement on 1/13/08, filed in Court on 2/1/08, the Hon. Albert "Pat" Murdoch elected to sentence Defendant-Petitioner to an indeterminate term of Supervised PROBATION for 5 to 20 years.

On 3/7/13, an Amended Judgment And Sentence Order was filed to reflect an indeterminate PAROLE PERIOD of 5 to 20 years by the Hon. Benjamin Chavez [5½ years after Defendant-Petitioner begun serving the Sentence].

**BASIS FOR GRANTING THIS PETITION FOR WRIT OF CERTIORARI TO THE DISTRICT COURT**

The decision of the district court on my petition for writ of habeas corpus, filed pro se, raises significant questions of law under state and federal constitutions: whether the errors below deprived petitioner's rights guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments and by New Mexico Constitution, art. II, §§ 13, 14, 15, and 18.

**ARGUMENT**

*(Describe your legal claim and cite the law (cases, statutes, constitutional sections) that supports your position. Use plain language.)*

POINT 1:

Defendant-Petitioner raise the issue that the indeterminate PAROLE PERIOD of 5 to 20 years in the Order amending judgment and Sentence filed on 2/25/13, is illegal.

POINT 2:

The addition of 5 to 20 PAROLE PERIOD violates State v. Torres, 2012 NMCA-026, 272 P.3d 689.

The Torres court affirmatively decided the trial Court lacked jurisdiction under Rule 5-801, allowing correction of Sentences once the time for doing so had elapsed.

POINT 3:

The illegal portion of the Sentence is the PAROLE PERIOD of 5 to 20 years. Should be vacated Cox v. Sneed, 1964-NMSC-250 ¶ 8, 74 NM 659, See also State v. Baros, 1968-NMSC-001, ¶ 12, 78 NM 623.

(*Attach additional sheets, if necessary*).

**REQUEST FOR RELIEF**

Defendant-petitioner requests that this Court issue its writ of certiorari to the district court, and:

( ) remand to the district court for a full hearing on the petition, **OR**
( ) reverse the conviction, **OR**
(X) remand to the district court to correct the sentence, **OR**
( ) (other) place Defendant-Petitioner on the Original Judgment And sentence.

Petitioner asks this Court to grant such relief as may be appropriate. As required by Rule 12-501 NMRA, I am filing **only the original copy** of this petition and I have attached the following:

(X) a copy of my petition for writ of habeas corpus filed in district court, **AND**
( ) a copy of the state's response, if one was filed, **AND**
(X) a copy of the district court's order.
( ) I have not attached the required documents because

and ask the Supreme Court to accept this petition without the attachments.

Respectfully submitted,

Defendant-Petitioner, pro se

**VERIFICATION**

STATE OF NEW MEXICO
COUNTY OF Otero

I, the undersigned, being first duly sworn upon my oath, state that I am the petitioner in this action. I have read the foregoing petition and know and understand its contents, and the information contained herein is true and correct to the best of my knowledge, information and belief. On March 9, 2018 (*date*), I deposited this petition in the internal mail system of the institution in which I am confined, properly addressed with any necessary postage prepaid, for forwarding to the New Mexico Supreme Court at the following address:

New Mexico Supreme Court
P.O. Box 848
Santa Fe, New Mexico, 87504-0848.

Jose Alejandro Aponte-Delgado
(*Signature*)
#68578/EC-#66
(*Address*)
10 McGregor Range Rd, Chaparral NM 88081
PNM No., if applicable

SUBSCRIBED AND SWORN TO before me this 9th day of March 2018, by
Jose Alejandro Aponte Delgado
(*Name of petitioner*)
Jennifer Western
Notary Public
19 June 2021
My Commission Expires:

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this petition was mailed to the Attorney General's Office, P.O. Box 1508, Santa Fe, New Mexico 87504-1508 on this __________ day of ________________.

Defendant-Petitioner, pro se

[Adopted by Supreme Court Order No. 14-8300-014, effective for all cases filed on or after December 31, 2014; as amended by Supreme Court Order No. 17-8300-025, effective for all cases pending or filed on or after December 31, 2017.]

Jose Alejandro Aponte-Delgado
#68578/EC-#66
10 McGregor Range Rd.
Chaparral, N.M. 88081

RECEIVED
At Albuquerque NM
APR 19 2018
MATTHEW J. DYKMAN
CLERK

UNITED STATES POSTAGE
PITNEY BOWES
$ 003.10⁰
02 1P
0001956152 APR 17 2018
MAILED FROM ZIP CODE 88081

Legal Mail

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
333 Lomas BLVD. N.W.
Albuquerque New Mexico 87102