# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSE ALEJANDRO APONTE-DELGADO,

    Petitioner,

v.                                                    No. 2:18-cv-00369 WJ/LF

RICHARD MARTINEZ and
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

## **MEMORANDUM OPINION AND ORDER TO SHOW CAUSE**

Before the Court is Jose Aponte-Delgado's habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1). Aponte-Delgado asks the Court to vacate his state court sentence for criminal sexual penetration and contributing to the delinquency of a minor based on, inter alia, due process violations. For the reasons below, the Court will require Aponte-Delgado to show cause why his habeas petition should not be dismissed as untimely.

## I. Background

Aponte-Delgado pled guilty to the above charges in 2008. *See* Doc. 1 at 1. He was sentenced to 16.5 years imprisonment, 11.5 of which were suspended. *Id.* The state court entered Judgment on his conviction and sentence on February 1, 2008. *Id.* Aponte-Delgado did not file an appeal. *See* Doc. 1 at 2. The Judgment therefore became final on March 3, 2008, when the 30-day appeal period expired. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the state appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment); NMRA, Rule 1-006(A)(1)(c) (explaining that when a 30-day appeal period

falls on a Sunday, the period expires at the end of the next business day). The state court amended the Judgment on November 27, 2013 to reflect "an indeterminate period of parole of between five (5) and twenty (20) years." Doc. 1 at 21. With the exception of a few parole violations, there was no case activity for the next four years. *See generally State of New Mexico v. Aponte-Delgado*, Case No. D-202-CR-2006-04977.[1]

On February 8, 2018, Aponte-Delgado filed a state habeas petition. *See* Doc. 1 at 6; MTN: Motion in Case No. D-202-CR-2006-04977. The State Court denied the petition on February 16, 2018, and the New Mexico Supreme Court denied his petition for writ of certiorari on March 23, 2018. *See* Doc. 1 at 6; ORD: On Writ/Habeas Corpus and ORD: Supreme Court in Case No. D-202-CR-2006-04977. On April 19, 2018, Aponte-Delgado filed the federal § 2254 petition. *See* Doc. 1.

**II. Timeliness of the § 2254 Petition**

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1)     While a state habeas petition is pending, § 2244(d)(2);

(2)     Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)     Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)     Where the factual basis for the claim could not have been discovered until later, §

---

[1] The Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand").

2

2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

It appears the limitation period expired well before Aponte-Delgado filed the § 2254 petition. The one-year period expired no later than November 27, 2014 (*i.e.,* one year after the state court amended the Judgment),[2] and he filed the § 2254 petition over four years later. Aponte-Delgado acknowledges this potential defect, but contends he "diligently attempted to develop the factual [basis] for his claims in accordance with New Mexico law." Doc. 1 at 9. This information is insufficient to determine whether any tolling provision applies. The Court will therefore order Aponte-Delgado to provide a more detailed explanation within thirty (30) days of entry of this Order. Failure to timely respond to this Order or otherwise show cause may result in dismissal of the § 2254 motion without further notice. *See Hare v, Ray,* 232 F.3d 901 (10th Cir. 2000) (the district court may *sua sponte* dismiss an untimely Section 2254 petition where the petitioner fails to identify circumstances that would support tolling).

**IT IS THEREFORE ORDERED** that, within thirty (30) days of entry of this Order, Aponte-Delgado must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] It is unclear whether the amendment triggered a new one-year limitation period under 28 U.S.C. § 2244(d). The Court need not resolve the issue because the petition appears to be time-barred based on the later date.