# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSE ALEJANDRO APONTE-DELGADO,

    Petitioner,

v.                                                           No. 2:18-cv-00369 WJ/LF

RICHARD MARTINEZ and
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER
## DISMISSING HABEAS PETITION

Before the Court is Jose Aponte-Delgado's habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1). Aponte-Delgado is an inmate at the Otero County Prison Facility (OCPF) and is proceeding *pro se*. He asks the Court to vacate his state sentence for criminal sexual penetration and contributing to the delinquency of a minor based on, inter alia, due process violations. For the reasons below, the Court will dismiss the petition as untimely.

## BACKGROUND

Aponte-Delgado pled guilty to the above charges in 2008. He was sentenced to 16.5 years imprisonment. The state court entered Judgment on his conviction and sentence on February 1, 2008. Aponte-Delgado did not appeal. The Judgment therefore became final no later than March 4, 2008, when the 30-day appeal period expired. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the state appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30

1

days after entry of the judgment); NMRA, Rule 1-006(A)(1)(c) (explaining that when a 30-day appeal period falls on a Sunday, the period expires at the end of the next business day). The state court amended the Judgment on November 27, 2013 to reflect "an indeterminate period of parole of between five (5) and twenty (20) years." Doc. 1 at 21. With the exception of a few parole violations, there was no case activity for the next four years. *See generally State of New Mexico v. Aponte-Delgado,* Case No. D-202-CR-2006-04977.[1]

On February 8, 2018, Aponte-Delgado filed a state habeas petition. The state court denied the petition on February 16, 2018, and the New Mexico Supreme Court denied his certiorari on March 23, 2018. *See* Doc. 1 at 6; ORD: On Writ/Habeas Corpus and ORD: Supreme Court in Case No. D-202-CR-2006-04977. On April 19, 2018, Aponte-Delgado filed the federal § 2254 petition.

## DISCUSSION

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, §

---

[1] The Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand").

2244(d)(1)(C).

The petition reflects the one-year period expired no later than December, 2014 (*i.e.,* one year after the Amended Judgment became final),[2] Aponte-Delgado filed his § 2254 petition over three years later on April 19, 2018. By a Memorandum Opinion and Order entered May 10, 2018, the Court therefore directed Aponte-Delgado to show cause why his § 2254 petition should not be dismissed as untimely. In response, Aponte-Delgado argues equitable tolling applies because English is his second language and he lacked legal assistance/research materials. He also argues he was confined in the mental health unit between 2012 and 2014, and the state court denied him due process by amending his criminal judgment.

Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances…." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). The inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).

Aponte-Delgado's claims that he lacked legal resources fail as a matter of law. The Tenth Circuit has held that the lack of counsel is "not an extraordinary circumstance … because there is no federal constitutional right to counsel in collateral proceedings." *Weibley v. Kaiser*, 50 Fed. App'x 399, 403 (10th Cir. 2002). *See also Marsh,* 223 F.3d at 1220 (lack of timely assistance from prison legal access attorney insufficient to support equitable tolling). A bald claim "of

---

[2] It is unclear whether the amendment triggered a new one-year limitation period under 28 U.S.C. § 2244(d). The Court need not resolve the issue because the petition appears to be time-barred based on the later date.

insufficient access to relevant law … is [similarly] not enough to support equitable tolling." *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000). *See also Miller,* 141 F.3d at 978 ("It is not enough to say that the … facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"); *Parker v. Jones*, 2008 WL 63304 (10th Cir. 2008) (holding mere allegations regarding lack of access to library cannot support equitable tolling).

Under certain circumstances, a language barrier or mental health confinement can support equitable tolling. *See Yang,* 525 F.3d 925, 930 (10th Cir. 2008); *Reupert v. Workman,* 45 Fed. App'x 852, 854 (10th Cir. 2002); *Sandoval v. Jones,* 447 Fed. App'x 1 (10th Cir. 2011). However, the untimely filing must be traceable to those issues. *Id.* Aponte-Delgado "has not set forth what actions he pursued to secure assistance with his language barrier," nor has he explained how it prevented timely filing. *Yang,* 525 F.3d at 930. Further, even crediting his assertions that he was heavily medicated in a mental health unit between 2012 and 2014, "he still falls short of explaining why it took [over] three years to lodge his petition" after his release. *Morgan v. Addison,* 574 Fed. App'x. 852 (10th Cir. 2014). *See also Reupert v. Workman,* 45 Fed. App'x 852, 854 (10th Cir. 2002) (To obtain tolling based on mental health issues, the petitioner must describe with specificity how the impairment prevented the timely pursuit of his own claims).

Finally, Aponte-Delgado's due process arguments go to the merits of his § 2254 petition and cannot toll the limitation period. It is well established that a petitioner "must show that he can satisfy the procedural requirements of … [§ 2244]" before the Court will "address[] the merits of his claim." *U.S. v. Greer,* 881 F.3d 1241, 1245 (10th Cir. 2018). Equitable tolling is therefore not warranted, and the petition must be dismissed as untimely. *See* 28 U.S.C. § 2244(d)(1)(A). The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as Aponte-Delgado failed to make a substantial showing that he has been denied a constitutional right.

**IT IS ORDERED** that Jose Aponte-Delgado's habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED WITH PREJUDICE**; a certificate of appealability is **DENIED**; and judgment will be entered.

**SO ORDERED.**

                                                                               CHIEF UNITED STATES DISTRICT JUDGE